STATE EX REL. TUCKER, ETC. *v.* RABB, JUDGE, ETC.

[No. 0-355. Filed December 29, 1953.]

*Clarence Lee Tucker, Pro se.*
*Edward William Lee, Pro se.*

EMMERT, J.—The relators seek to prohibit the respondent from enforcing separate judgments entered in criminal cause No. 8910-Z entitled State of Indiana v. Clarence Lee Tucker, Edward William Lee, on the records of the Criminal Court of Marion County. They contend the judgments are void for want of jurisdiction. The petition is unusual in that the relators, who are now prisoners in the Indiana State Prison, have sought to make substantial compliance with Rule 2-35 as to certified copies of pleadings and court records.

On February 25, 1952, the State of Indiana filed an affidavit against both relators charging them with vehicle taking under §10-3010, Burns' 1942 Replacement. On March 8, 1952, each defendant waived arraignment, and pleaded not guilty to this charge. On June 21, 1952, the State of Indiana filed a second count of affidavit charging each defendant with vehicle taking and being an habitual criminal under §§9-2207 and 9-2208, Burns' 1942 Replacement. On June 23, 1952, the defendants to this affidavit filed a motion to strike out the second count. This motion to strike was sustained and the second count stricken from the record.

On June 26, 1952, the defendant Clarence Lee Tucker withdrew his plea of not guilty to the first count, waived arraignment thereon, and pleaded guilty to said count, upon which plea he was sentenced for a term not less than one nor more than ten years. Therefore, there is no merit in Tucker's contention that he pleaded guilty to an affidavit that was improperly in the record at the time of the plea.

The certified copies of the court record are incomplete as to the relator Lee. The record discloses that on July 30, 1952, Edward William Lee was being tried by a jury on some charge, but it does not disclose any verdict was rendered nor any judgment. Therefore, it is impossible for this court to know upon what count or counts of the affidavit Lee was convicted, nor do we know what the judgment was. Under this state of the record we are not able to determine the merits of his contention that the trial court acted in excess of its jurisdiction.

It is not necessary to decide questions of procedure adopted by the trial court, or whether the relators have pursued a proper remedy here.

The petition is denied as to each relator.

NOTE.—Reported in 116 N. E. 2d 295.